UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8640-PA (KK) | Date | November 20, 2014 |
|---|---|---|---|
| Title | Lance Williams v. Sheriff Deputy Aparicio, et al. | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order To Show Cause Why This Action Should Not Be Dismissed as Untimely

On October 28, 2014, Plaintiff Lance Williams, proceeding *pro se* and *in forma pauperis*, constructively filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").[1] The Complaint was lodged by the Court on November 6, 2014, and filed on November 13, 2014. The Complaint appears to be untimely on its face. Thus, Plaintiff is ordered to show cause why the Complaint should not be dismissed as time-barred.

## I. BACKGROUND

The Complaint is one of four civil rights complaints Plaintiff has filed since September 23, 2014. See Case Nos. 2:14-cv-7583-GW-KK; 2:14-cv-8037-PA-KK; 2:14-cv-8039-PA-KK. Plaintiff sues various defendants for an assault that allegedly occurred on May 9, 2009. See ECF No. 1-1 at 2. He also sues other defendants – within the same Complaint – for an assault that allegedly occurred in April 2009. See id. at 9.

Plaintiff has submitted a sworn declaration to explain his delay in filing suit. Id. at 3. The declaration states Plaintiff was "unable to file [a] claim earlier, partly due" to

---

[1] Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered the pleading to prison authorities for mailing, not the date on which the pleading may have been received by the court. See Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Here, Plaintiff states he mailed the Complaint on October 28, 2014. ECF No. 1-1 at 14. Thus, the Court considers that date to be the date of filing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8640-PA (KK) | Date | November 20, 2014 |
|---|---|---|---|
| Title | Lance Williams v. Sheriff Deputy Aparicio, et al. | | |

threats of retaliation against Plaintiff and due to "plaintiff being incapacitated and suffering physical and mental injuries for past years." Id. The declaration further states that Plaintiff "took proper steps to exhaust" administrative remedies, and asks the Court to permit discovery and to appoint "a private investigator" for Plaintiff. Id.

## II. LEGAL STANDARD

A court may dismiss a complaint *sua sponte* "on the ground that it is barred by the applicable statute of limitations" if "the running of the statute is apparent on the face of the complaint." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (citation and internal quotation marks omitted); see also Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993).

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citation omitted). California's statute of limitations for personal injury claims is two years. Id. (citing Cal. Civ. Proc. Code § 335.1). California law "provides for the tolling of a statute of limitations for a period of two years based on the disability of imprisonment," if the plaintiff is "'imprisoned on a criminal charge . . . for a term less than for life.'" Id. (quoting Cal. Civ. Proc. Code § 352.1) (footnote omitted).

In addition, "California courts apply equitable tolling to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice." Id. at 928 (citation and internal quotation marks omitted). "Application of California's equitable tolling doctrine requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the limitations statute." Id. (citations, internal quotation marks, and alterations omitted). "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Fink v. Shelder, 192 F.3d 911, 916 (9th Cir. 1999) (citation and internal quotation marks omitted). "[T]he effect of equitable tolling is that the limitations period stops running

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8640-PA (KK) | Date | November 20, 2014 |
|---|---|---|---|
| Title | Lance Williams v. Sheriff Deputy Aparicio, et al. | | |

during the tolling event, and begins to run again only when the tolling event has concluded." Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003).

While "state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000). Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 992 (9th Cir. 1999) (citation omitted).

## III.  APPLICATION

Plaintiff's claims accrued in April 2009 and on May 5, 2009, respectively.  Starting from those dates, Plaintiff had four years to file his claims:  two years under section 1983's statute of limitations, and two years of tolling for the "disability of imprisonment." Jones, 393 F.3d at 927.  Plaintiff was, therefore, required to file his claims by April 2013 and May 5, 2013, respectively.  Plaintiff did not file the Complaint until October 28, 2014.  Thus, absent equitable tolling, Plaintiff's claims are untimely by over a year.

Plaintiff's declaration fails to demonstrate he is eligible for equitable tolling.  Even assuming Defendants would "suffer no prejudice" defending themselves against Plaintiff's untimely claims, Plaintiff has not offered specific facts that show how he acted "reasonabl[y] and in good faith." Id. at 928; Fink, 192 F.3d at 916.  Plaintiff's vague statements that he was threatened with retaliation and "incapacitated" are vague and do not establish why the "limitations period stop[ped] running" for over a year.  ECF No. 1-1 at 3; Lantzy, 31 Cal. 4th at 370.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8640-PA (KK) | Date | November 20, 2014 |
|---|---|---|---|
| Title | Lance Williams v. Sheriff Deputy Aparicio, et al. | | |

## IV.  CONCLUSION

Plaintiff is therefore ORDERED TO SHOW CAUSE within **fourteen (14) days** of the date of this Order why the Court should not dismiss his Complaint as untimely.

As an alternative, Plaintiff may, within **fourteen (14) days** of the date of this Order, request a voluntary dismissal of this action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal Form is attached for Plaintiff's convenience.**

The Court warns Plaintiff that failure to file a timely response to this Order will result in a recommendation that this action be dismissed.